UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sylvester J. Thomasson, # 04513-000, | ) C/A No. 4:11-781-DCN-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Joan Tapper, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Sylvester J. Thomasson, # 04513-000 (Plaintiff), a federal prisoner in FCI Edgefield in

Edgefield, South Carolina, proceeding *pro se* and *in forma pauperis*, brings this civil rights action

against Defendant Joan Tapper, seeking compensatory damages and injunctive relief, pursuant to

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1]

alleging deliberate indifference to his serious medical needs.  Pursuant to the provisions of 28

U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned United States

---

[1]  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A *Bivens* claim brought against a federal official for violation of a plaintiff's constitutional rights is analogous to a claim brought under 42 U.S.C. § 1983 against a state official in his or her personal capacity for violation of a plaintiff's constitutional rights while the defendant was acting under color of state law.  Federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act "under color of state law."  *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982).  Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa.  *See  Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988)(abrogated on other grounds by *Johnson v. Jones*, 515 U.S. 304 (1995), *see Winfield v. Bass*, 106 F.3d 525, 529 (4th Cir. 1997)).  *Bivens* claims, like § 1983 claims, address violations of constitutional rights by "persons."  Under *Bivens*, "[A] plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

1

Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The Complaint is subject to summary dismissal, without prejudice and without issuance and service of process, because its factual allegations are completely duplicative of the factual allegations in a case previously filed by Plaintiff and currently pending in this Court, *i.e. Thomasson v. Tapper and Guevara*, C/A No. 4:11-686-DCN-TER.

### *Pro Se* **and** *In Forma Pauperis* **Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, Plaintiff is a prisoner under the definition in 28

2

U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's Complaint to identify plausible claims or to dismiss the Complaint if it "is frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)(per curiam). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff brings this *Bivens* action alleging that Defendant, a physician's assistant at FCI Edgefield, has been deliberately indifferent to a serious medical need, *i.e.* his infected right foot,

3

which was allegedly injured in an altercation with another inmate on September 5, 2010, after which Plaintiff was placed in FCI Edgefield's special housing unit (SHU).  The foot injury was apparently exacerbated by Plaintiff's diabetes (he alleges that he uses a walker, but was denied the walker while in the SHU) and the fact that Defendant "said nothing was wrong with [him] and there was," which caused such swelling and infection in Plaintiff's right foot that Dr. Lopez and Dr. Blocker had Plaintiff admitted to Edgefield Hospital for a week, between September 10, 2010 and September 17, 2010.  Plaintiff alleges that, when he returned to FCI Edgefield, Defendant refused to follow doctors' orders to change Plaintiff's bandages once a day and Plaintiff's foot became reinfected on October 4, 2010.  Plaintiff alleges that he then "wrote her up" and wrote the health administrator, who ordered Defendant to help Plaintiff.  Plaintiff alleges that Defendant does provide his insulin shots, but Defendant continues to refuse to provide necessary medical care for his right foot and deliberately attempts to antagonize Plaintiff by telling correctional officers to make him walk to/from medical appointments with her, instead of letting them allow Plaintiff to use a wheelchair.

Plaintiff alleges that he has attempted to exhaust his administrative remedies within the Bureau of Prisons, no fewer than seven times, since October 2010, but grievances (BP 8s and BP 9s) continue to "get lost" and deliberately stalled by Ms. Braxton, the secretary and notary.  Plaintiff alleges that the grievances have been stalled for more than six months and those that were finally rejected were withheld from him, past the time limit for him to file administrative appeals.

## Discussion

Following a careful review of the allegations contained in the Complaint and attachments filed in this case, it is clear that this case is completely duplicative of a case previously filed and currently pending in this Court, *Thomasson v. Tapper and Guevara*, C/A No. 4:11-686-DCN-TER.

The Court will not entertain two separate, virtually identical lawsuits filed by the same Plaintiff against the same Defendant, involving the same parties.[2]  To do so would fly in the face of the important interests of judicial efficiency and economy.  As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296.


### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process.  *See* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).[3]

---

[2]  Plaintiff filed identical "notes and statements" in both cases, making the same factual allegations of deliberate indifference to his serious medical needs and interference with his access to the grievance process within FCI Edgefield and the Bureau of Prisons.  In C/A No. 11-686, Plaintiff names Dr. Lorenzo Guevara as a Defendant, in addition to Joan Tapper, and makes some additional allegations about Dr. Guevara in his "statement of facts" which  are not included in his allegations in C/A No. 11-781.  Plaintiff makes his allegations in this case on a "state prisoner complaint form," supplemented by a letter.  In C/A No. 11-686, Plaintiff uses a federal prisoner complaint form.

[3]  Plaintiff should be aware that the United States Congress determined quite some time ago that in every federal lawsuit filed by a prisoner in this country, the prisoner becomes financially responsible for a non-dischargeable debt to the United States government in the full amount of the court filing fee in effect at the time the case is filed.   This debt becomes the prisoner's financial responsibility under the applicable statutes whether the case he or she files is ultimately served and pursued to summary judgment or trial or whether it is dismissed by the Court following initial review.  This determination by the Congress was made the law of the land and is published in the United States Code.  *See* 28 U.S.C. §§ 1914, 1915.

5

Plaintiff's attention is directed to the important notice on the next page.


s/Thomas E. Rogers, III

April 14, 2011                              Thomas E. Rogers, III
Florence, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).